United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Heriberto DeJesus  
     Debtor

Case No. 12-21233-ref  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-4     User: admin     Page 1 of 1     Date Rcvd: May 18, 2018  
                     Form ID: 3180W     Total Noticed: 16

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 20, 2018.
```
db          +Heriberto DeJesus,    319 N. 13th Street,    Reading, PA 19604-2920
smg         +Bureau of Audit and Enforcement,    City of Allentown,    435 Hamilton Street,
              Allentown, PA 18101-1603
smg          City Treasurer,    Eighth and Washington Streets,    Reading, PA  19601
smg         +Dun & Bradstreet, INC,    3501 Corporate Pkwy,    P.O. Box 520,    Centre Valley, PA 18034-0520
smg         +Lehigh County Tax Claim Bureau,    17 South Seventh Street,    Allentown, PA 18101-2401
smg         +Tax Claim Bureau,    633 Court Street,    Second Floor,    Reading, PA 19601-4300
12983017    +Berks County Tax Claim Bureau,    Government Service Center,    633 Court Street, 2nd Floor,
              Reading, PA 19601-3552
13002028    +City of Reading,    c/o Portnoff Law Associates, Ltd.,    P.O. Box 3020,
              Norristown, PA 19404-3020
12937235    +First Tennessee Bank, N.A.,    c/o Lauren Berschler Karl, Esq.,    355 Fifth Avenue, Suite 400,
              Pittsburgh, PA 15222-2407
12921680    +Fst Tn Bk Mp,    Po Box 1469,    Knoxville, TN 37901-1469
13084408    +Mendelsohn and Mendelsohn, P.C.,    637 Walnut Street,    Reading,PA 19601-3524
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg          E-mail/Text: RVSVCBICNOTICE1@state.pa.us May 19 2018 01:58:22
              Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
              Harrisburg, PA  17128-0946
smg         +E-mail/Text: usapae.bankruptcynotices@usdoj.gov May 19 2018 01:58:50      U.S. Attorney Office,
              c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
12939576     EDI: AIS.COM May 19 2018 05:53:00       American InfoSource LP as agent for,
              Midland Funding LLC,    PO Box 268941,    Oklahoma City, OK  73126-8941
14024527     EDI: PRA.COM May 19 2018 05:53:00       Portfolio Recovery Associates, LLC,    POB 41067,
              Norfolk, VA 23541
12929646     EDI: DRIV.COM May 19 2018 05:53:00       Santander Consumer USA,    P.O. Box 560284,
              Dallas, TX 75356-0284
                                                                                              TOTAL: 5
```

```
            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
12970057*       Santander Consumer USA,    P.O. Box 560284,    Dallas, TX 75356-0284
                                                                                   TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 20, 2018                                  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 17, 2018 at the address(es) listed below:
```
              BRENNA HOPE MENDELSOHN    on behalf of Debtor Heriberto  DeJesus tobykmendelsohn@comcast.net
              FREDERICK L. REIGLE    ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com
              JAMES RANDOLPH WOOD    on behalf of Creditor    City of Reading jwood@portnoffonline.com,
               jwood@ecf.inforuptcy.com
              KEVIN G. MCDONALD    on behalf of Creditor    First Tennessee Bank, National Association
               bkgroup@kmllawgroup.com
              LAUREN BERSCHLER KARL    on behalf of Creditor    First Tennessee Bank, N.A. lkarl@kmllawgroup.com,
               ddott@kmllawgroup.com
              LISA MARIE CIOTTI    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
               ecf_frpa@trustee13.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                              TOTAL: 7
```

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Heriberto DeJesus** | Social Security number or ITIN  **xxx–xx–5998** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **12–21233–ref** | |

# Order of Discharge                                                                                          12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Heriberto DeJesus

<u>5/17/18</u>                                                      **By the court:**     <u>Richard E. Fehling</u>
                                                                                          United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**